IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAREN BACKUES KEIL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:18-cv-06074-BP |
| MHM SERVICES, INC., a Virginia Corporation JOHN DUNN, and EDWARD BEARDEN, | ) |
| Defendants. | ) |

**DEFENDANT JOHN DUNN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT VII OF PLAINTIFF'S COMPLAINT**

COMES NOW defendant, John Dunn, by and through counsel, and for his Memorandum of Law in Support of his Motion to Dismiss Count VII of Plaintiff's Complaint, states as follows:

**INTRODUCTION**

In this matter, plaintiff alleges in her Complaint that improper sexual contact by this defendant occurred. She alleges that this contact occurred exclusively in 2013. In Count VII, plaintiff alleges negligence per se, and cites to Section 566.145 of the Missouri Revised Statutes, which prohibits all sexual contact with incarcerated individuals by any staff working with a correctional facility. Section 566.145 of the Missouri Revised Statutes became effective on January 1, 2017.

As such, plaintiff's attempt to assert a negligence per se claim is in violation of the Article I, Section 13 of the Missouri Constitution which bars ex post facto and retrospective laws, and must be dismissed.

# ARGUMENT

To establish a claim for negligence per se, a plaintiff must prove four elements. First, plaintiff must show a violation of a statute or ordinance. Second, the injured party must be within the class of persons intended to be protected by the statute or ordinance. Third, the injury complained of must be of the nature that the statute or ordinance was designed to prevent. Finally, the violation of the statute or ordinance must be the proximate cause the injury. *Lowdermilk v. Vescovo Building and Realty Company, Inc.*, 91 S.W. 3d 617, 628 (Mo.App.E.D. 2003 (citing *Business Men's Assur. Co. v. Graham*, 891 S.W.2d 438, 455 (Mo.App. 1994)).

The United States and Missouri law bar any ex post facto or retrospective laws. In *Vartelas v. Holder*, a lawful permanent resident, a native and citizen of Greece petitioner for review of a decision of the Board of Immigration Appeals, denying his motion to reopen removal proceedings. 132 S.Ct. 1479 (2012). Vartelas became a lawful permanent resident of the United States in 1989. He pleaded guilty to a felony (conspiring to make a counterfeit security) in 1994, and served a prison sentence of four months for that offense. *Id.* at 1483.

In 2003, Vartelas traveled to Greece to visit his parents. On his return to the United States a week later, he was treated as an inadmissible alien and placed under removal proceedings. Under the law governing at the time of Vartelas' plea, an alien in his situation could travel abroad for brief periods without jeopardizing his resident alien status. However, in 1996 Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA). The Act effectively precluded foreign travel by lawful permanent residents who had a conviction like Vartelas'. Under the IIRIRA, such aliens, on return from a sojourn abroad, however brief, may be permanently removed from the United States. *Id.*

In the majority opinion written by Justice Ginsburg, the United States Supreme Court held that the relevant provisions of IIRIRA (Section 1101(a)(13)(C)(v)), attached a new disability (denial of reentry) in respect to past events (Vartelas' pre-IIRIRA offense, please and conviction). As stated by Justice Ginsburg "[g]uided by the deeply rooted presumption against retroactive legislation, we hold that Section 1101(a)(13)(C)(v) does not apply to Vartelas' conviction. The impact of Vartelas' brief travel abroad on his permanent resident status is therefore determined not by IIRIRA, but by the legal regime in force at the time of his conviction." *Id.*

A similar outcome came in the case of *Missouri Real Estate Commission v. Rayford*. 307 S.W.3d 686. In that matter the Missouri Real Estate Commission (MREC) revoked a real estate agent's license based on a second-degree murder plea entered 37 years earlier. The Administrative Hearing Commission ("AHC") reversed the decision, and MREC appealed. The Circuit Court affirmed.

In 1970, at the age of nineteen, Rayford pleaded nolo contender to second degree murder. He was released from prison in 1988. In approximately 2003 or 2004, after Rayford disclosed the prior conviction and MREC conducted a thorough investigation, Rayford was issued his real estate license and had never been subject to discipline. *Id.* at 688.

On August 28, 2006, Section 339.100.5 took effect. It provides that a "broker or salesperson's license shall be revoked, or in the case of an applicant, shall not be issued, if the licensee or applicant has pleaded guilty to, entered a plea of nolo contender to, or been found guilty of …[a]ny dangerous felony as defined under Section 556.061." On May 4, 2007, MREC revoked Rayford's license in reliance on Section 339.100.5. *Id.*

In affirming the AHC decision which reinstated Rayford's license, the Western District noted that Article 1, Section of the Missouri Constitution provides that "no ex post facto law, nor

law…retrospective in its operation…can be enacted." *Id.* at 690.  The opinion points out that the Missouri Supreme Court has defined "retrospective law" as "[a] law is retrospective in operation if it takes away or impairs vested or substantial rights acquired under existing laws or imposes new obligations, duties, or disabilities with respect to past transactions." *Id.* (citing to *Hess v. Chase Manhattan Bank*, 220 S.W.3d 758,769 (Mo.banc 2007).

The decision further pointed out that the Missouri Supreme Court has carefully analyzed when a retroactive law should be deemed retrospective because it imposes a new duty, obligation, or disability on a past transaction.  In *Doe v. Phillips*, 194 S.W.3d 833, 849-50 (Mo.banc 2006), the Supreme Court evaluated a challenge to "Megan's Law" and in particular an assertion that Article 1, Section 13's prescription against retrospective laws "precludes application of Megan's Law to those who pled guilty or were found guilty prior to the act's…effective date. *Id.* 850.  The Court concluded that "the bar on laws that operate retrospectively is violated by the imposition of an affirmative obligation…to register upon release and then regularly thereafter.  The obligation to register by its nature imposes a new duty or obligation." *Id.* at 852.

In the present matter, Plaintiff alleges that this Defendant had improper sexual contact with her exclusively in 2013.  The Statute referred to in Count VII (R.S.Mo. 566.145), which prohibits all sexual contact with incarcerated individuals by any staff working within a correctional facility, became effective on January 1, 2017.  This Defendant strenuously denies the allegations of Plaintiff's Complaint.  Nonetheless, even if the allegations were accepted as true, R.S.Mo. 566.145 did not apply in 2013, and defendant Dunn could not then or even now be charged with a crime under this statute.

Negligence per se arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct.

*Lowdermilk v. Vescovo Building and Realty Company, Inc.,* 91 S.W.3d 617 at 628.  In the present matter, at the time of the alleged acts of this Defendant, the statute Plaintiff relies upon did not exist, and the thus the legislature had not pronounced what conduct a reasonable person must be. In other words, Plaintiff is requesting that this Court impose civil liability on this Defendant for alleged actions for which no criminal charges could be brought against this Defendant.  Such efforts are expressly barred by the Missouri Constitution's ban on ex post facto and retrospective laws, and thus Count VII must be dismissed.

WHEREFORE, defendant, John Dunn, for the reasons set forth in this Memorandum of Law and the accompanying Motion, requests this Court's Order dismissing Count VII of Plaintiff's Complaint and for such further relief as this Court deems just and appropriate.

    */s/ Kevin J. Adrian*
Kevin J. Adrian #47271
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO  63101
(314) 421-3400 (telephone)
(314) 242-5407 (fax)
kadrian@bjpc.com
*Attorney for Defendant John Dunn*

# CERTIFICATE OF SERVICE

       I hereby certify that on the  12th  day of   June  , 2018, the foregoing document is being electronically filed in this matter, which causes a true and correct copy to be served electronically upon all persons who have appeared herein, by electronic transmission, to:

John J. Ammann
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, MO 63101
john.ammann@slu.edu

Jenifer C. Snow
Ryan J. Gavin
Kamykowski, Gavin & Smith, P.C.
222 S. Central, Suite 1100
St. Louis, MO 63105
Jenifer@kgslawfirm.com
Ryan@kgslawfirm.com

                                                              /s/Kevin J. Adrian