# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAREN BACKUES KEIL, )<br>    Plaintiff, )<br>v. )<br>EDWARD BEARDEN, et al., )<br>    Defendants. ) | Cause No.: 5:18-CV-06074-BP |
| LYNNSEY BETZ, )<br>    Plaintiff, )<br>v. )<br>EDWARD BEARDEN, et al., )<br>    Defendants. ) | Cause No. 5:18-cv-06079-FJG |
| ASHLEY MARIE OLSEN ZIESER, )<br>    Plaintiff, )<br>v. )<br>EDWARD BEARDEN, et al., )<br>    Defendants. ) | Cause No. 5:18-CV-06103-FJG |
| JANE DOE, )<br>    Plaintiff, )<br>v. )<br>EDWARD BEARDEN, et al., )<br>    Defendants. ) | Cause No. 5:19-cv-6161-BP |

## PLAINTIFFS' MOTION TO CONSOLIDATE FOUR CASES FOR TRIAL

Come now Plaintiffs in the four above-referenced cases, by and through Counsel, and pursuant to Federal Rule of Civil Procedure 42, and for their Motion to Consolidate Four Cases for Trial, state as follows:

1. In the four cases identified above, the four separate Plaintiffs – Karen Keil, Lynnsey Betz, Ashley Zieser and Jane Doe – allege they were sexually assaulted by Defendant Edward Bearden, who at all relevant times was a corrections officer employed by the Missouri Department of Corrections at the Chillicothe Correctional Center. All four Plaintiffs were

incarcerated at the Chillicothe Correctional Center while Defendant Bearden was employed there.

2. This Court had earlier consolidated the first three listed cases for purposes of discovery. *Keil v. Bearden,* Doc. No. 77. The Court's Order on consolidation also included a fourth case, that of *Teri Dean v. Bearden,* 5:19-cv-06022-SRB. That case was set for trial this month, October 2021, but is now stayed because of an interlocutory appeal filed by one of the Defendants.

3. During discovery in the four originally consolidated cases, Plaintiffs and the Defendant, by stipulation, agreed that all depositions would pertain also to a fifth case, that of *Jane Doe v. Bearden*, 5:19-cv-6161-BP, which is now the fourth case listed above.

4. Discovery in the four cases (Keil, Betz, Zieser and Doe) is now complete. No motions for summary judgment were filed in any of these four cases. There are, however, identical motions to limit experts were filed in these cases and one has been ruled upon. *Keil v. Bearden*, Doc. 134.

5. In the four cases now being sought to be consolidated (Keil, Betz, Zieser and Doe), the only Defendant in each case is Edward Bearden. In addition, Counsel for the Plaintiffs and Defendant are identical in all four cases. Experts are also the same in all four cases.

6. Consolidation is appropriate under Federal Rule 42 as all four cases involve common questions of law and fact. The assaults described in Plaintiffs' complaints are all alleged to have occurred at the same prison and at the hands of the same individual employed by the Missouri Department of Corrections. The cases share common issues related to the locations of the alleged assaults, the opportunity Defendant Bearden had to commit the acts, the relevant

procedures and protocols at the Chillicothe Correctional Center, and the elements of the claims asserted. Judicial convenience and economy will be promoted by the consolidation of the actions for trial. Consolidation would also preserve state resources in the Attorney General's Office and because multiple witnesses who are state employees would only testify once instead of four times. There would be no prejudice to any party from consolidation.

7. Trial dates have been scheduled in two of the cases proposed to be consolidated: *Keil v. Bearden* is set to begin January 31, 2022 and *Doe v. Bearden* is set to begin February 28, 2022. The other two cases listed in the caption have not yet been set for trial.

8. Plaintiffs propose that the trial setting in *Doe v. Bearden,* on February 28, 2022, be used as a setting for a consolidated trial for all four cases.

9. Plaintiffs estimate the length of trial to be 8 days exclusive of jury selection.

10. Counsel for Plaintiffs have contacted Counsel for Defendant Bearden to determine if they would consent to this Motion, and allowed them 15 days to provide their position, but at the time of filing of this Motion, Counsel for Defendant indicated they could not yet provide Plaintiffs with their position on this Motion.

WHEREFORE, Plaintiffs pray that the Court issue an Order consolidating the four cases whose captions appear above for purposes of trial, with a proposed trial setting of February 28, 2022, and for such other and further relief as may be appropriate.

Respectfully submitted,

 /s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032, fax 314-485-2345
jsnow@jmsllc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion to Consolidate has been served upon all Counsel via the ECF filing system this 12th day of October, 2021.

/s/     John J. Ammann
John J. Ammann