IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KAREN BACKUES KEIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 5:18-CV-06074-BP ) Consolidated with three additional cases ) |
| EDWARD BEARDEN, | ) ) |
| Defendant. | ) |

## PLAINTIFFS' MOTIONS *IN LIMINE*

Plaintiffs Karen Keil, Ashley Zieser, Lynnsey Betz and Jane Doe ("Plaintiffs"), by and through their undersigned counsel, hereby move this Court *in limine* to prevent Defendant Edward Bearden ("Defendant") from presenting any evidence, testimony, argument, or other reference, either directly or indirectly, at the trial of this case, or from making any mention in voir dire or in the opening or closing statements of this case regarding the following matters:

**1. MOTION *IN LIMINE* NO. 1: ANY REFERENCE TO CRIMINAL CONVICTIONS OF PLAINTIFFS, OR ANY FACT WITNESSES, OR ANY FACTS RELATED THERETO THAT ARE INCONSISTENT WITH THE MANDATES OF FEDERAL RULES OF EVIDENCE 404 AND 609.**

Plaintiffs anticipate that Defendant will attempt to introduce evidence of Plaintiffs' criminal convictions and criminal convictions of fact witnesses, including but not necessarily limited to Teri Dean. Plaintiff Karen Keil was convicted of Felony Stealing and Felony Forgery in June 2011; Plaintiff Ashley Zieser was convicted of Felony Forgery in the early-2000s and of Felony Forgery, Assault on a Law Enforcement Officer, and Possession of Controlled Substance in 2014; Plaintiff Lynnsey Betz was convicted of Second-Degree Burglary and Felony Stealing in 2012; and Plaintiff Jane Doe was convicted of Identity Theft or Attempt in 2015, passing a

bad check in 2006 and of Fraudulent Use of Credit/Debit Device in 2005.  Witness Teri Dean was convicted of drug possession in 2008 and of 2nd degree murder and tampering with physical evidence in 2014.

Plaintiffs' and Teri Dean's convictions should be excluded under Federal Rule of Evidence 609 (hereinafter FRE) where the convictions happened more than 10 years ago and/or where the prejudicial effect of discussing the convictions at trial substantially outweighs the probative value of doing the same.  The convictions should also be excluded from evidence insofar as Defendant may seek to admit them to prove an act in conformity with an alleged character trait.  Rule 404 excludes evidence of a person's character or character trait to prove that an individual acted in conformity therewith, as well as "[e]vidence of a crime, wrong, or other act ... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  FRE 404.  More specifically, Defendant should be barred from characterizing the plaintiffs as inherently dishonest because of the mere nature of the convictions.  Finally, no conviction has any relevance to Plaintiffs' claims in these cases and should therefore be excluded.  FRE 403; United States v. Roenigk, 810 F.2d 809, 816 (8th Cir. 1987).  To the extent that the fact of such convictions is admitted for impeachment purposes, under FRE 609, such evidence should be limited to the date of the convictions, the offenses, and the sentences.

        GRANTED: _____        DENIED: _____

2. **MOTION *IN LIMINE* NO. 2: EVIDENCE OR ARGUMENT OF PLAINTIFFS' PRIOR ARRESTS, MISDEMEANORS, AND/OR ORDINANCE VIOLATIONS.**

Evidence of Plaintiffs' prior arrests, misdemeanor, and/or ordinance violations does not tend to make any fact of consequence to this action more or less probable than not.  In Sanders-

El v. Wencewicz, a 1983 action, defense counsel dramatically dropped a computer printout in front of the jury while cross-examining plaintiff about prior criminal convictions. 987 F.2d 483, 484 (8th Cir. 1993). The Eighth Circuit found that "[t]he manifest intent of the conduct was to arouse prejudices of the jury by leading it to believe [plaintiff] had the conviction record of a veteran vocational criminal." Id. Counsel's conduct was considered prejudicial error and the trial court's denial of plaintiff's motion for a mistrial was an abuse of discretion. Id. at 485. *See* White v. McKinley, 605 F.3d 525, 537 (8th Cir. 2010) (court did not abuse its discretion in prohibiting evidence of prosecutor's investigation because admittance of the evidence would have created a mini-trial on [plaintiff's] actual guilt, which is not the subject of a 1983 action). Any probative value regarding Plaintiffs' prior arrests, misdemeanors, or ordinance violations is collateral, remote, lacks any probative value, and is highly prejudicial.

GRANTED: _____  DENIED: _____

3. **MOTION IN LIMINE NO. 3: ANY TESTIMONY FROM ANY EXPERT OF DEFENDANT.**

Defendant has not identified any expert in this case, retained or non-retained. To note, Mr. James Hurley was identified as a Defense expert, but in the Teri Dean case only, which was consolidated previously with these four cases for purposes of discovery. Mr. Hurley was never identified as an expert in any of these four cases and he, in addition to any and all other potential or foreseeable experts, should therefore be barred from taking the stand in any capacity at trial.

GRANTED: _____  DENIED: _____

4. **MOTION *IN LIMINE* NO. 4: ANY AND ALL EVIDENCE, INCLUDING TESTIMONY, AS TO UNRELATED VIOLATIONS AND SANCTIONS IMPOSED ON PLAINTIFFS DURING THEIR INCARCERATION AT THE MISSOURI DEPARTMENT OF CORRECTIONS.**

Any sanctions and/or violations imposed on Plaintiffs, amount to uncharged and unrelated bad conduct that would be offered solely for the purpose of character evidence. None

is related, directly or indirectly, to any issue of fact or law at issue in this case. Additionally, the probative value of these allegations of misconduct and sanctions have little to no probative value and the prejudice created by their introduction greatly outweighs the probative value. "Unfair prejudice (under Rule 403) means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." U.S. v. Dennis, 625 F.2d 782, 796 (8th Cir. 1980). If there is less prejudicial evidence that can equally prove the fact of consequence, the district court then should discount the probative value of the objected evidence. Old Chief v. U.S., 519 U.S. 172, 183 (1997). *See also* Grose v. Nissan North America, Inc., 50 S.W. 3d 825, 833 (Mo. App. 2001) ("When the need for the evidence is low and when alternative means to present the evidence exist, then prejudice to an opponent can be said to be 'unfair' when the proponent of evidence could prove the fact by other, non-prejudicial evidence."). Any and all evidence, including testimony, as to unrelated violations and sanctions imposed on Plaintiffs during their incarceration at the Missouri Department of Corrections should be excluded.

GRANTED: _____  DENIED: _____

5. **MOTION *IN LIMINE* NO. 5: EVIDENCE OR ARGUMENT OF ANY PLAINTIFFS' DRUG AND ALCOHOL USE AND/OR ADDICTION BECAUSE IT IS HIGHLY PREJUDICIAL, INFLAMMATORY, INCITES IMPROPER SPECULATION AND CONJECTURE BY THE FACT FINDER, AND IS IRRELEVANT TO ANY FACT OF CONSEQUENCE IN THESE CASES.**

The only purpose of introducing this evidence is to slander any/all Plaintiff(s). These topics and issues are irrelevant and unfairly prejudicial. This highly prejudicial and inflammatory evidence should be excluded under FRE 403.

GRANTED: _____  DENIED: _____

6. **MOTION *IN LIMINE* NO. 6: EVIDENCE OF GENERAL GOOD CHARACTER OF THE DEFENDANT IN THIS CASE, INCLUDING BUT**

**NOT LIMITED TO FAMILY RELATIONSHIPS, RELIGIOUS PARTICIPATION, AND CIVIC PARTICIPATION.**

These matters are presented merely to bolster the character of the Defendant and have no probative value.

GRANTED: _____    DENIED: _____

Respectfully submitted,

/s/ Susan McGraugh
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032, fax 314-485-2345
jsnow@jmsllc.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiffs' Motions in Limine have been served upon counsel of record by means of the Court's electronic filing system this 4th day of January 2022.

/s/ Susan McGraugh