IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KAREN BACKUES KEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 5:18-CV-06074-BP |
| ) | Consolidated with three additional cases |
| ) | |
| EDWARD BEARDEN, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF AN UNDISCLOSED WITNESS PURSUANT TO FEDERAL RULE 37(c)(1)

Come now Plaintiffs in these four consolidated cases, and for their Motion to Exclude Testimony of an Undisclosed Witness Pursuant to Federal Rule 37(c)(1), state as follows:

1. The pending consolidated cases before the Court are four cases in which women formerly incarcerated at the Chillicothe Correctional allege that former Corrections Officer Edward Bearden sexually assaulted them while they were in prison. The trial in the consolidated cases is set to begin on January 31, 2022.

2. On January 4, 2022, Defendant filed a Motion for Writ of *Habeas Corpus Ad Testificandum* so that two current offenders, Delila Clay and Maya Gasa, could be brought to this Court by the Missouri Department of Corrections, to be witnesses in the trial, specifically with regard to Plaintiff Karen Keil. (Doc. 147).

3. On January 5, 2022, this Court ordered the Clerk to issue a writ for each of the women, ordering the Missouri Department of Corrections to produce them at Court for the trial. (Doc. 150).

4. Plaintiffs had not planned to object to a Writ with regard to Delila Clay because she

1

was disclosed by the Plaintiffs and the Defendant in their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

5. With regard to offender Maya Gasa, however, Plaintiffs object to any testimony she would provide, as she was never disclosed by Defendant at any time while these cases were pending, which for Plaintiff Karen Keil is a period of more than three years.

6. As of the writing of this Motion, Defendant has not undertaken any effort to supplement his disclosures, either formally or informally, as required by Rule 26(e).

7. Thousands of pages of documents have been produced by the Missouri Department of Corrections in this action, and there are hundreds of names of offenders appearing in those documents who likewise have not been listed as persons likely to have discoverable information. Plaintiffs should not have had to guess which one, if any, of those offenders would be called as a witness without their identity having been revealed until 27 days before trial.

8. Pursuant to Rule 37(c), Witness Gasa should be barred from testifying at trial or any other proceeding in this cause.

9. Defendant's failure to disclose Ms. Gasa is not substantially justified as he had more than three years to disclose her, and even now has not supplemented his disclosures to add her as a witness. Trial is less than 30 days away. The pre-trial hearing is just 15 days away.

10. Defendant's failure to disclose Ms. Gasa cannot be said to be harmless where Defendant asserts that he plans to have Ms. Gasa testify "that Ms. Keil made statements about making PREA allegations when she got out of prison as early as 2012." (Doc. 147, par. 9). Even if Defendant properly disclosed Ms. Gasa in a supplement to his initial disclosures today, Plaintiffs have been prejudiced by their inability to depose her.

11. If the Court bars the testimony of Ms. Gasa, then the Writ issued for her to be

2

Case 5:18-cv-06074-BP   Document 153   Filed 01/06/22   Page 2 of 3

brought to trial can be withdrawn or otherwise canceled.

WHEREFORE, Plaintiffs pray for an Order of the Court finding Defendant failed to comply with Rule 26(a) in failing to disclose Maya Gasa as someone likely to have discoverable information, and for an Order under Rule 37(c) that Ms. Gasa should be barred from testifying at trial or any other proceeding in this matter, and for such other sanctions under Rule 37(c) which the Court deems appropriate.

Respectfully submitted,

/s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032, fax 314-485-2345
jsnow@jmsllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Motion to Exclude Testimony has been served upon counsel of record by means of the Court's electronic filing system this 6th day of January, 2022.

/s/ John J. Ammann