IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KAREN BACKUES KEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:18-CV-06074-BP |
| | ) | |
| MHM SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant's Motions *in Limine***

Defendant Edward Bearden moves this Court to prohibit Plaintiffs from mentioning, referring to, or attempting to convey to the jury any of the subjects listed below, and to prohibit any witness from testifying regarding the subjects listed below. Defendant further moves the Court to instruct the witnesses not to mention, refer to, or attempt convey to the jury in any manner, either directly or indirectly, any of the subjects listed below during their testimony without first obtaining permission from the Court outside the presence of and hearing of the jury.

1. <u>Reference to the financial disparity of the parties or the sources of any award for damages. In particular, any testimony, statement, or reference to the "State of Missouri," the "Missouri Department of Corrections or MDOC," the "Attorney General's Office," the "State Legal Expense Fund ('LEF')," or similar references in a manner to</u>

1

suggest the financial disparity of the parties or the sources of payment for any award of damages. The Court should not allow Plaintiffs to suggest or imply that the State of Missouri or any other entity will indemnify Defendant in the event of any finding of liability or damages. Any such references are irrelevant, collateral, and unfairly prejudicial to Defendant, and would mislead and confuse the jury. Indeed, any probative value is substantially outweighed by the danger of unfair prejudice in that the jury may take LEF coverage information into consideration when assessing liability and damages. Evidence of these matters should be excluded. *See* Fed. R. Evid. 401 and 403; *see also Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) ("the court should not instruct the jury that the State of Iowa will indemnify the defendants. The instruction is extremely prejudicial.").

2. Other alleged bad acts by non-party MDOC employees or contract employees. Defendant anticipates that Plaintiffs may attempt to introduce evidence that current or former MDOC employees who are not parties to this lawsuit have violated their rights (or those of other inmates), mistreated them (or other inmates), violated MDOC policy, or otherwise dealt with them (or other inmates) unfairly. For instance, the Court issued a writ for Plaintiff's to obtain the testimony of Teri Dean, who is a plaintiff in a separate lawsuit with allegations against

2

three other corrections officers along with Defendant Bearden. And, Karen Keil alleges that former defendant John Dunn sexually assaulted her as well. Such evidence is irrelevant to the issue in this case under Rule 402. Even if it had some probative value, such value is far outweighed by the risk of prejudicing Defendant, confusing the issues, misleading the jury, causing undue delay, and necessitating the introduction of collateral or cumulative evidence. Fed. R. Evid. 403.

3. <u>Defendant's Termination from a Different Job Two Decades Ago.</u> Defendant anticipates that Plaintiffs may seek to introduce evidence of other complaints against him unrelated to the claims here. For instance, Defendant anticipates that Plaintiffs may attempt to introduce evidence of his termination from employment with the Missouri Department of Transportation nearly two decades ago. Such evidence is not relevant to any issue in this case and should be excluded under Rule 402. To the extent such evidence is otherwise relevant, it would be inadmissible under Rule 403 because its probative value is outweighed by its prejudicial effect and likelihood of confusing the issues and misleading the jury. Additionally, such evidence is inadmissible under Rule 404(b), as evidence of other

3

alleged wrongs to prove the character of a person in order to show conformity therewith.

4. <u>Character evidence about Defendant.</u> Defendant also anticipates that Plaintiffs or other current or former inmates may seek to testify about rumors about Defendant's reputation among the inmates at Chillicothe Correctional Center. Any such evidence is irrelevant to this action and is inadmissible under Rule 404(b). To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 403. Additionally, any evidence concerning these rumors is impermissible character evidence and should be excluded. And, to the extent that the evidence is simply rumors or gossip among inmates, it is inadmissible hearsay.

5. <u>Any suggestion by Plaintiffs that they have lasting injuries from the alleged assaults.</u> Defendant expects Plaintiffs will testify that their mental health issues worsened during their time at Chillicothe Correctional Center. The Court should bar Plaintiffs from providing their own medical opinions regarding the effects of these alleged assaults. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) ("When an injury is sophisticated, proof of causation generally must be

4

established by expert testimony." *citing Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 120 (8th Cir. 2000)).

6. <u>Unqualified lay testimony offered by Plaintiffs concerning any medical diagnosis or prognosis of any alleged medical condition and causation.</u> Plaintiffs may attempt to offer their own unqualified medical testimony that the alleged assaults caused their mental health issues or caused additional damage to their mental health. "Causation is an essential element of a § 1983 cause of action." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Rule 701 limits lay testimony to that which is rationally based on the witness's perception. Lay testimony concerning a medical diagnosis or future prognosis associated with any physical damage is beyond the scope of testimony permissible under Rule 701. In addition, lay testimony concerning medical causation cannot be based on the personal knowledge of the witness, but must be supported by an expert opinion. *See* Fed. R. Evid. 602; *see also Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

7. <u>Any testimony from Plaintiffs or other inmates that unnamed inmates, who reported PREA violations, were put in administrative segregation.</u> Defendant anticipates that Plaintiffs will testify that they did not report these allegations because they believed that they would be sent to administrative segregation or "the hole." Plaintiffs and

other former inmates may also testify that inmates who complained of PREA violations were sent to administrative segregation. During their deposition testimony, plaintiffs were unable to identify any offender sent to administrative segregation for reporting a PREA violation. And, in any event, Plaintiffs and other inmates lack personal knowledge about why any inmate was sent to administrative segregation. None of these plaintiffs claim that they were sent to administrative segregation based on a report of a PREA violation. Thus, they are not competent to testify about these issues under Fed. R. Evid. 602. Further, these Plaintiffs may only hold this Defendant liable for his own conduct. No evidence supports that this Defendant (or anyone else) sent any offender to administrative segregation for complaining about Bearden. Plaintiffs' and the other inmates' testimony in this regard is not relevant to this case and should be excluded under Rule 402. If such evidence is deemed relevant, it is inadmissible under Rule 403, as its probative value is substantially outweighed by its prejudicial effect and danger of confusing the jury.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

6

Case 5:18-cv-06074-BP   Document 155   Filed 01/07/22   Page 6 of 7

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendant Bearden*

## Certificate of Service

I hereby certify that on January 7, 2022, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.