## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

KAREN BACKUES KEIL,        )
                                   )
         Plaintiff,          )
                                   )
v.                              )   Cause No. 5:18-CV-06074-BP
                                 )   Consolidated with three additional cases
                                 )
EDWARD BEARDEN, et al.,      )
                                 )
        Defendants.     )

## PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF WITNESSES DYSART, LEACH, SANDY, AND SAVAGE PURSUANT TO FEDERAL RULE 37(c)(1)

Come now Plaintiffs in these four consolidated cases, and for their Motion to Exclude Testimony of Witnesses Dysart, Leach, Sandy, and Savage Pursuant to Federal Rule 37(c)(1), state as follows:

1.  The pending consolidated cases before the Court are four cases in which women formerly incarcerated at the Chillicothe Correctional allege that former Corrections Officer Edward Bearden sexually assaulted them while they were in prison.  The trial in the consolidated cases is set to begin on January 31, 2022.

2.  On January 13, 2022, Defendant filed his Proposed Witness List.  (Doc. 159).

3.  On that list, among other witnesses, were the following names, which were indicated to be current or former employees of the Missouri Department of Corrections:

      Robin Dysart
      Stephen Leach
      Darrell Sandy
      David Savage

1

4.  These four witnesses are entirely undisclosed witnesses in the cases of *Betz v. Bearden*, *Zieser v. Bearden*, and *Doe v. Bearden*, and thus should be excluded from testifying in those three cases.

5.   Witness Savage was disclosed only by name in the four cases, and no subject was given for the information he had in the Initial Disclosures.  There has been no supplemental disclosure under Federal Rule of Civil Procedure 26(3).

6.   Likewise, the disclosures of Dysart, Leach, and Sandy in *Keil v. Bearden* were entirely inadequate under Rule 26(a) and never supplementd under Rule 26(e).

7.  Defendant's separate Initial Disclosures for each the four cases had an introductory clause  that stated as follows:

> Given the nature of the allegations, current and former employees of the Missouri Department of Corrections located at Chillicothe Correctional Center may have discoverable information.  Identities not yet known, but investigation into the individuals who may have discoverable information is ongoing. These individuals may include…..

For each of the four separate Initial Disclosures, this paragraph was followed by a list of names. Def.s Initial Disclosures in *Keil, Betz, Zieser* and *Doe*, Attached as Exhibits 1-4 to the Suggestions in Support filed with this Motion.

8.  This paragraph does not state the "subjects" of the discoverable information the current and former employees might have.  The paragraph also failed to state which people listed are current employees and which are former employees, or their addresses.

9.   By failing to identify the "subjects" of the information, Plaintiffs were not provided with the information required under Rule 26(a) to be able conduct further investigations.

10. There are literally hundreds of names of corrections officers mentioned in the tens of thousand of pages of documents received pursuant to a subpoena to the Missouri Department of Corrections, a non-party, making it impossible to have prepared for the testimony of witnesses whose knowledge was not disclosed before now.

11. Pursuant to Rule 37(c), Witnesses Dysart, Leach, Sandy and Savage should be barred from testifying at trial or any other proceeding in this cause.

12. Defendant's failure to disclose the subjects about which these four persons have discoverable information is not substantially justified as he had more than three years to disclose the names, and the subjects of their information. Trial is two weeks away. The pre-trial hearing is this Friday.

13. Defendant's failure to disclose all of the Witnesses for all of the women, and failure to disclose the subjects of their knowledge, cannot be said to be harmless where Plaintiffs have been prejudiced by their inability to conduct further investigation into the positions and knowledge of these current or former employees.

WHEREFORE, Plaintiffs pray for an Order of the Court under Rule 37(c) that Witnesses Dysart, Leach, Sandy, and Savage should be barred from testifying at trial or any other proceeding in this matter, and for such other sanctions under Rule 37(c) which the Court deems appropriate.

3

Respectfully submitted,

/s/ John J. Ammann
John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032, fax 314-485-2345
jsnow@jmsllc.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Motion to Exclude Witnesses has been served upon counsel of record by means of the Court's electronic filing system this 18th day of January, 2022.

/s/ John J. Ammann

4