IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KAREN BACKUES KEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:18-CV-06074-BP |
| ) | |
| MHM SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**Defendant's Suggestions in Opposition to Plaintiffs'**
**Motion to Exclude Testimony of Dysart, Leach, Sandy, and Savage**

Defendant Edward Bearden properly disclosed individuals with discoverable information in his initial disclosures as required by Rule 26(a)(1)(A)(i). Despite having information about the individuals whom Bearden identified in those disclosures for over three years, plaintiffs never informed Bearden that they believed his disclosures inadequate or that it prevented them from investigating their cases. Instead, Plaintiffs waited until two weeks before trial in these consolidated cases seek to exclude those witnesses' testimony at trial. This would be a draconian result when any failure in Bearden's disclosures was harmless to plaintiffs. This Court should deny Plaintiffs' motion.

Bearden disclosed Robin Dysart, Stephen Leach, Darrell Sandy, and David Savage in the *Keil* case. He disclosed David Savage in *Keil*, *Betz*, *Zieser*,

1

and *Doe*. Plaintiffs argue that Dysart, Leach, and Sandy were not disclosed in *Betz*, *Zieser*, and *Doe*. That is correct. Bearden did not fail to disclose Dysart, Leach, and Sandy in *Betz*, *Zieser*, and *Doe*. Bearden did not believe that those three individuals were likely to have discoverable information in those three cases. This Court consolidated these cases for trial after the close of discovery at Plaintiffs' request over Bearden's objection. Plaintiffs now use that consolidation to argue that Bearden should be prohibited from calling witnesses to testify in his defense. But Bearden identified individuals likely to have discoverable information in each individual case. This Court should not sanction Bearden for doing so.

Bearden provided defense counsel's contact information for each of these individuals. Plaintiffs never took issue with the contact information provided in the disclosures. Indeed, the contact information provided was entirely appropriate. In any event, it was harmless to Plaintiffs. Defense counsel in these cases and the *Dean* case produced numerous current employees and one former employee for depositions.

The cases that Plaintiffs cite to support their argument are inapposite. None of those cases involve a party seeking to exclude the testimony at trial of individuals named in the opposing party's initial disclosures. Few of those cases seek to exclude the testimony of witnesses at trial. Most arose in the context of a discovery dispute. Several arose as the result of a late disclosure.

2

Some even involve the disclosure of unnamed individuals. Bearden identified the individuals by name in his initial disclosures at the time the discovery process commenced. Plaintiffs were able to conduct further investigation into Bearden's initial disclosures. Plaintiffs could have deposed the named individuals, as they did with numerous other Department of Corrections' employees, including several of those named on Bearden's initial disclosures. Plaintiffs also could have informed Bearden during the discovery process—after all the spirit, if not the letter, of Rule 37 is to resolve discovery disputes between the parties without court intervention—that Plaintiffs believed the initial disclosures were incomplete. Bearden was unaware that Plaintiffs deemed his initial disclosures of the named individuals as incomplete until Plaintiffs filed this motion. Any failure was harmless to Plaintiffs.

For these reasons, Defendant Bearden respectfully requests that the Court overrule Plaintiffs' Motion to Exclude Testimony and for such further relief as the Court deems just and proper.

        Respectfully submitted,

        **ERIC S. SCHMITT**
        Attorney General

        */s/ Nicolas Taulbee*
        Nicolas Taulbee
        Missouri Bar Number 61065
        Assistant Attorney General
        615 East 13th Street, Suite 401
        Kansas City, Missouri 64106

Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendant Bearden*

## Certificate of Service

I hereby certify that on January 19, 2021, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General