IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KAREN BACKUES KEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:18-CV-06074-BP |
| | ) | |
| MHM SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Defendant's Suggestions in Opposition to**
**Motion for Attorneys' Fees and Expenses**

Defendant Edward Bearden acknowledges that 42 U.S.C. § 1988 authorizes the Court to award reasonable attorney fees and expenses to a Plaintiff who prevails in a §1983 lawsuit. And, Bearden appreciates Plaintiffs' efforts to submit only those fees and expenses reasonable and necessary in the claims against Bearden in these four cases. Two factors complicated those efforts: 1) other defendants in the *Keil* case; and 2) the *Dean* case, which was consolidated for discovery but not trial. Bearden's opposition to the motion for attorneys' fees and expenses largely relate to these two factors.

I. **Entries not reasonable or necessary to the claims against Defendant Edward Bearden**

In thoroughly reviewing the time records submitted by plaintiffs' attorneys, Bearden noted a handful of entries related to motions filed by or

1

about MHM Services or John Dunn in the *Keil* case. He also noted a handful of entries that related to matters specific to the *Dean* case. Finally, Bearden noted a few entries in the time records that were unreasonable or unnecessary (or that he could not tell from the entry to what they related). Specifically, Bearden opposes 1.3 hours submitted in nine entries by John Ammann; 3.3 hours submitted by attorney Brendan Roediger; 8.6 hours submitted by Jenifer Snow; and 7.2 hours submitted by Ryan Gavin. Bearden also opposes 0.3 hours submitted by Kelly Ruff, a paralegal who assisted Ms. Snow.

### a. John Ammann

For ease of reference, Bearden has reproduced the nine entries that he opposed from Mr. Ammann's time records.

| Date | Subject | Time |
|---|---|---|
| 7/17/2018 | Keil: Email Taulbee about Carsey asking to interview folks | .1 |
| 12/11/2018 | Keil: Read case materials for Funk v. Precythe | .2 |
| 10/30/2019 | Keil: Prepare new status report, related to settlement with MHM | .1 |
| 12/6/2019 | Keil: Draft motion to dismiss and circulate | .2 |
| 12/6/2019 | Keil: Finish consent motion to dismiss MHM and Dunn | .1 |
| 12/8/2019 | Keil: File motion to dismiss MHM and Dunn | .1 |
| 3/25/2021 | Cons: Email from Taulbee about adding affirmative defense | .1 |
| 3/25/2021 | Cons: Discussed above with team. Answer is no. | .3 |

2

| 4/15/2021 | Cons: Read email from AG Buchheit on scheduling Precythe | .1 |

The first six do not relate to Bearden. The last three relate to the *Dean* case. Counsel for Bearden does not have any recollection of receiving an email about Carsey interviewing folks and has been unable to locate that email. Still, an email about interviews with a Department of Corrections investigator—and presumably the decision not to participate in those interviews—is related to the claims against Vevia Sturm, who was the head of the unit conducting the interviews. Counsel for Defendant Bearden actually moved to withdraw from representing Sturm on July 17, 2018. The second entry discusses materials related to the case *Funk v. Precythe*. That case did not involve Bearden, and it did not involve claims of sexual assault. The only connection between that case and this one is that inmates at Chillicothe Correctional Center filed it. The October 30, 2019 entry through the December 8, 2019 entry relate to the motion to dismiss MHM and Dunn. The March 25, 2021 entries relate to Bearden's request to file an amended answer to add an affirmative defense in the *Dean* case. The final entry relates to the deposition of Director Anne Precythe. Precythe is a named defendant in the *Dean* case. Plaintiffs' have not sought any other attorneys' fees, expenses, or costs related to that deposition.

Bearden opposes 1.3 hours submitted by Mr. Amman, totaling $585.00.

### b. Brendan Roediger

Bearden opposes 3.3 hours submitted by Mr. Roediger. The entries for the mediation with Judge Atwell on November 26, 2019 (Doc. 207-4, p. 7) reflect that Mr. Roediger reduced the time 50% due to joint mediation with another client. It appears that 50% was attributed to representation of Betz and 50% was attributed to representation of Zieser. The total billed was 10 hours between the two cases. But the parties mediated three cases with Judge Atwell on November 26, 2019. The third case was the *Dean* case. Thus, it appears that these entries should have been reduced by two thirds. Ultimately, it appears that Mr. Roediger billed 10 hours for a total of $4,000 for the mediation and the travel related to it. If Bearden's assumption of these entries is correct, then $1,320 of that would be attributable to the *Dean* case.

### c. Jenifer Snow

Bearden opposes several entries by Ms. Snow. Some entries relate to other claims or other defendants. Some entries are unclear (to Bearden). And some entries appear to be unreasonable or duplicative.[1] For ease of reference, he has created a table with the opposed entries.

| Date (Ex. p. #) | Case | Subject | Time |
|---|---|---|---|
| 2/27/2019 (68) | Zieser | Correspondence Re: DOJ Interview | .2 |

---

[1] Bearden is not entirely certain how the hours attributable to all cases were divided among the cases. In most case, he assumed that the time for the entry was divided equally among the cases. He has only opposed a handful of those where the time for the entry seemed unreasonable.

4

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 7/31/2019 (42) | Keil | Sturm's motion to dismiss | .5 |
| 8/1/2019 (39) | Keil | 30(b)(6) notices, 30(b)(2) duces tecum, and amendments to petition | 1.5 |
| 10/14/2019 (38) | Keil | Discuss amending pleadings to add Sturm back in as defendant | .3 |
| 10/24/2019 (38) | Keil | Continued correspondence re: SAGR | .2 |
| 11/7/2019 (66) | Zieser | Language for subpoena on Corizon | .1 |
| 4/27/2020 (7) | Betz | Correspondence w/ Atwell Re: Mediation invoice and payment | .1 |
| 4/27/2020 (36) | Keil | Correspondence w/ Atwell Re: Mediation invoice and payment | .1 |
| 4/27/2020 (63) | Zieser | Correspondence w/ Atwell Re: Mediation invoice and payment | .1 |
| 6/16/2021 (16) | Betz | Canceling Briesacher Deposition | .1 |
| 6/16/2021 (27) | George | Canceling Briesacher Deposition | .1 |
| 6/16/2021 (55) | Keil | Canceling Briesacher Deposition | .1 |
| 6/16/2021 (74) | Zieser | Canceling Briesacher Deposition | .1 |
| 7/8/2021 (16) | Betz | Call from KC Star and plan for media involvement | .1 |
| 7/8/2021 (27) | George | Call from KC Star and plan for media involvement | .1 |
| 7/8/2021 (55) | Keil | Call from KC Star and plan for media involvement | .1 |
| 7/8/2021 (74) | Zieser | Call from KC Star and plan for media involvement | .1 |
| 8/6/2021 (17) | Betz | Telephone logs from DOJ/DOC | .2 |
| 8/6/2021 (28) | George | Telephone logs from DOJ/DOC | .2 |
| 8/6/2021 (56) | Keil | Telephone logs from DOJ/DOC | .2 |
| 1/21/2022 (19, 30, 58, 77) | All four | Attend pretrial; travel to/from | 4.0 x 4 |
| 4/12/2022 (31) | George | Review EOA by Rothermich | .1 |
| 4/12/2022 (59) | Keil | Review EOA by Rothermich | .1 |
| 4/12/2022 (78) | Zieser | Review EOA by Rothermich | .1 |

Bearden opposes the February 2019 entry because it relates to a potential interview by the Department of Justice, which is not reasonable or necessary to the claims against Bearden. The July 31, 2019 entry for 0.5 hours is for review of Bearden's answer and Sturm's motion to dismiss. That time is at least partially attributable to claims against another defendant that Keil dismissed from the case. The entries on August 1, 2019, October 14,

5

2019, and November 17, 2019, appear to relate to subpoenas that were not ultimately sent and pleadings unrelated to Bearden. Defendant Bearden does not know what SAGR refers to in the entry from October 24, 2019. The entry references continued correspondence, but he did not see any other correspondence with that acronym. Without more information, Bearden cannot tell whether this entry was reasonable and necessary to the claims against him.

Bearden's remaining opposition is to entries that appear to be unreasonable or duplicative. The entries are the same for multiple cases. The April 27, 2020 entries relate to correspondence about payment of the mediation expenses. First, the parties did not mediate the *Keil* case with Judge Atwell. Second, this is not a reasonable or necessary expense for the claims against Bearden. Third, the amount of time for this entry—eighteen minutes—seems unreasonable.

Bearden opposes the June 16, 2021 entries for the cancellation of Briesacher's deposition for several reasons. The Briesacher deposition would have related to the claims against the Director in the *Dean* case, and plaintiffs decided to cancel it. It was not reasonable or necessary to the claims against Bearden. Further, 0.4 hours is unreasonable for one communication related to all of the cases (including the *Dean* case).

Bearden also opposes the July 8, 2021 entries related to a call from a

6

Kansas City Star Reporter and plaintiffs' discussions related to media involvement. Bearden cannot tell whether plaintiffs' counsel spent 24 minutes on this issue, but it was not reasonable or necessary to the claims against him.

The August 6, 2021 entries refer to telephone logs from DOJ/DOC. Bearden is unclear what those are and whether the 0.2 hours should be for each case or total. Bearden notes that the records for Zieser's case do not contain a like entry. Bearden is also unaware of any phone logs from DOJ. If the phone logs are those related to the calls to the phone number identified by Ms. Doe, Bearden agrees such a review was reasonable and necessary to the claims against him. He just cannot tell from the entry if that is the case.

Bearden also opposes the January 21, 2022 entries related to the pretrial conference. Bearden agrees that Ms. Snow's attendance at and travel to and from the pretrial conference was reasonable and necessary. He cannot tell from the entries whether 16.0 hours was reasonable and necessary however. Bearden notes that Mr. Ammann billed 9.5 hours for the pretrial conference.

Finally, Bearden opposes the April 12, 2022 entries for review of the entry of appearance filed by Abbie Rothermich. Bearden agrees that Ms. Snow's review of the entry of appearance was reasonable and necessary. Thus, he did not include the entry in the *Betz* case from Ms. Snow's time

7

records. He only opposes the subsequent 0.3 hours as unreasonable for review of an entry of appearance.

Without more information related to some of these entries, Bearden cannot identify the exact total that he opposes related to Ms. Snow's entries. He believes that it is somewhere between 8.0 to 9.0 hours.

### d. Ryan Gavin

Again, for ease of reference, Bearden is producing the opposed entries in a table.[2]

| Date (Ex. p. #) | Case and Subject | Time |
|---|---|---|
| 12/26/2018 (13) | Betz – DOJ interviews | .1 |
| 7/17/2018 (14) | Betz – DOC interviews | .5 |
| 12/6/2019 (47) | Keil – Motion to Dismiss | .1 |
| 9/3/2019 (48) | Keil – Reply to Motion for Leave to Amend | .1 |
| 8/16/2019 (48) | Keil – Defendant's Suggestion in Opposition to Plaintiff's Motion for Leave to Amend | .5 |
| 8/2/2019 (48) | Keil – Motion for Leave to Amend | .3 |
| 8/1/2019 (49) | Keil – Motion for Leave to Amend | 4.3 |
| 7/31/2019 (49) | Keil – Motion to Amend Complaint | .5 |
| 8/8/2018 (53) | Keil –Sturm's Motion to Dismiss | .4 |
| 7/31/2018 (53) | Keil – Sturm's Motion to Dismiss | .2 |
| 6/27/2018 (53) | Keil – Defendant's Reply in Support of Motion to Dismiss | .2 |

The first two entries relate to potential interviews with agencies investigating Betz's claims. Interviews with the Department of Justice

---

[2] The entries are not chronological because Mr. Gavin's records are by case. They are included in the table in the order that they appeared in the records. Bearden is summarizing the subject matter of the entry.

related to the allegations are not reasonable or necessary to the claims against Bearden, and neither are potential interviews with a DOC investigator. The remaining entries by Mr. Gavin that Bearden opposes relate to motions filed by other parties that were not reasonable or necessary to the claims against Bearden. Bearden did not file a motion to dismiss and the proposed amendment did not relate to the claims against Bearden. The proposed amendment related to the claims against Defendant MHM Services. Thus, the above entries were not reasonable or necessary to the claims against Bearden. In all, Bearden opposes 7.2 hours submitted by Mr. Gavin for a total of $3,060.

Bearden also opposes .3 hours submitted for work done by Kelly Ruff (reflected at 207-5, p. 43) on 8/1/2019, which is described as preparing exhibits to motion to amend complaint.

## II. Conclusion

For these reasons, Defendant respectfully request the Court deny Plaintiffs' motion for the above entries and for such further relief as the Court deems just and proper.

                              Respectfully submitted,

                              **ERIC S. SCHMITT**
                              Attorney General

                              */s/ Nicolas Taulbee*
                              Nicolas Taulbee

Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendant Bearden*

## Certificate of Service

I hereby certify that on May 26, 2022, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

　　　　　　　　　　　　　　　*/s/ Nicolas Taulbee*
　　　　　　　　　　　　　　　Assistant Attorney General

1