IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KAREN BACKUES KEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:18-CV-06074-BP |
| | ) | |
| MHM SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Defendant's Suggestions in Support of Motion for New Trial</u>**

The Court consolidated the cases of Karen Keil, Lynnsey Betz, Ashley Zieser, and Jane Doe, alleging that Defendant Edward Bearden sexually assaulted them. After a four-day trial, a jury entered a verdict against Bearden. The jury awarded Karen Keil, Lynnsey Betz, Ashley Zieser, and Jane Doe each $3.5 million in compensatory damages and $1.5 million in punitive damages for a total verdict of $20 million. This was a miscarriage of justice. The Court should grant a new trial.

**I.   Motion for New Trial**

A district court may grant a new trial if "the verdict is against the weight of the evidence," the jury award of damages is excessive, or the trial was otherwise unfair to the moving party because of substantial errors in the rejection of evidence. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). The decision to grant a new trial is within the discretion of the district

1

court. *Ibid.* When the trial court determines that "a miscarriage of justice has occurred, the court may order a new trial, otherwise not." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). Bearden seeks a new trial for three reasons: 1) consolidation caused him unfair prejudice; 2) the rejection of Plaintiff's Exhibit 12 affected his substantial rights; and 3) the verdict was against the weight of the evidence.

### a. Consolidation of these four cases caused Bearden unfair prejudice

The Court may consolidate actions involving "common parties, overlapping legal issues, and related factual scenarios," unless the consolidation causes "unfair prejudice." *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009). Bearden opposed the consolidation of these cases for two reasons: 1) the jury would see each plaintiff sitting in the courtroom, reacting to the evidence, throughout the course of the trial; and 2) consolidation risked confusing the jury about what evidence fits with his defenses to each allegation. Bearden's concerns were realized at the trial.

Plaintiffs offered little other evidence other than their testimony. Thus, the crux of the case was a jury determination of credibility of each of the witnesses and Bearden. Bearden had to defend against multiple allegations with uncertain dates and times, spanning a number of years. The jury had to

2

sift through the testimony and documents Bearden submitted to try to determine, which allegations fit with which plaintiff. This was no easy task, as even plaintiffs' counsel confused the facts presented at trial in her closing. Ultimately, the jury was unable to do so. The consolidation, and the cumulative effect of the plaintiffs' testimony and presence in the courtroom, confused the jury to such an extent that the jury was unable to make an individual determination of liability in each case. As discussed below, despite the differences in the plaintiffs' allegations, the jury awarded each the same amount in actual damages to each plaintiff, $3.5 million. The Court should grant a new trial because the consolidation of these cases unfairly prejudiced Bearden. *See Kreckelburg v. City of Minneapolis*, 991 F.3d 949 (8th Cir. 2021) (holding that abuses of discretion leading to confused jury verdict merits reversal and retrial).

> **b. The Court denied admission of Plaintiff's Exhibit 12, which affected the substantial rights of Defendant.**

A court should only grant a new trial based on an error in excluding evidence if justice so requires, *i.e.,* the error must affect the "substantial rights" of a party. Fed. R. Civ. P. 61. A court should not grant a new trial for harmless errors.

The error here was not harmless. Doe testified about a recorded telephone conversation that she had with Bearden. She testified that she had

previously testified inaccurately about the contents of that conversation. She maintained that Bearden coerced her to make that call. During Bearden's case-in-chief, Plaintiffs' counsel questioned Bearden's other witnesses about the phone call—a call of which none of the witnesses had any knowledge. Plaintiffs' counsel also cross-examined Bearden about the recorded phone call and questioned his truthfulness about the contents of the call. Plaintiffs' counsel did not off the recorded phone into evidence or play it for the jury (although they elicited testimony to inform the jury that the call was recorded).

On redirect of Bearden, Bearden attempted to offer Plaintiff's Exhibit 12, the recorded phone call, so that the jury could hear the tone and content of the conversation. No party challenged the authenticity or foundation of the exhibit. Plaintiffs objected. The Court reviewed a transcript of the conversation before ruling. The Court then sustained the objection, and Bearden did an offer of proof to preserve the issue. The Court noted that the transcript of the recorded phone call supported Bearden's characterization, so the admission would be improper bolstering of his testimony. The Court indicated that Bearden could have sought admission of the recorded phone call during cross-examination of Plaintiff Doe for impeachment purposes.

Bearden could have done so. But Plaintiff Doe had already partially acknowledged her inaccurate prior testimony. Until Plaintiffs' counsel

4

continued to focus on the phone call during Bearden's case-in-chief, Bearden did not need to offer the recorded phone call. As the recorded phone call became more prominent, it became more important for the jury to hear the content of the call, as well as Bearden and Doe's tone during the call. Plaintiffs' counsel elicited testimony that this was an egregious breach of Bearden's duty after eliciting testimony that Bearden coerced Doe into making the call and had been untruthful about its contents. Bearden's substantial rights were affected because the jury did not hear that phone call, including its contents and the tone of voices of the speakers, even as plaintiffs continued to question the witnesses about it.

### c. The verdict was against the weight of the evidence.

"In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) *quoting Ryan v. McDonough Power Equip.*, 734 F.2d 385, 387 (8th Cir. 1984). The Court should do so here.

Plaintiffs offered just their testimony about their allegations. Bearden not only denied those allegations, he offered documents and other testimony to disprove the plaintiffs' allegations when faced with a concrete date range

5

and location. Zieser accused Bearden of assaulting her during the evening shift in December 2015 or January 2016. Bearden admitted all of his bid sheets that showed his assignments during his time at Chillicothe, which showed that he did not work the evening shift after January 2014. Betz accused Bearden of assaulting her in the vocational education building during Correctional Officer Gilgour's two-week vacation in 2016. Bearden admitted the shift supervisor logs for January 2013 through July 2018 and elicited testimony about the COs assigned to vocational education during that two-week vacation in the spring of 2016. Those same shift supervisor logs did not support Doe's allegations that Bearden worked in vocational education once a week for a year in 2016 to 2017. The Court should weigh the evidence and disbelieve the plaintiffs' testimony. In doing so, the Court should grant Bearden a new trial.

II.    Motion for Remittitur

A district court may order a new trial or remittitur for an excessive jury award. *Miller v. Huron Regional Medical Center*, 936 F.3d 841, 846 (8th Cir. 2019). A court may order "a remittitur when it believes the jury's award is *unreasonable* on the facts." *Id.* (emphasis in original) *quoting Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049 (8th Cir. 2002). Remittitur is appropriate when the verdict "is so grossly excessive that 'there is a plan injustice or a monstrous or shocking result.'" *Eckerberg v. Inter-state Studio*

*& Publ'g Co.*, 860 F.3d 1079, 1087 (8th Cir. 2017) *quoting Hudson v. United Sys. of Ark., Inc.*, 709 F.3d 700, 705 (8th Cir. 2013). A district court looks to "the law of the forum state in weighing the excessiveness of a verdict." *Id. quoting Taylor v. Otter Tail Corp.*, 484 F.3d 1016, 1019 (8th Cir. 2007). "In Missouri, remittitur is available if 'the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages.'" *Id. quoting* Mo. Rev. Stat. § 537.068.

The jury awarded each Plaintiff $3.5 million in compensatory damages. The plaintiffs' allegations of sexual assault were different in number and kind—significantly different. Betz testified about one incident of digital penetration. Zieser testified about two incidents of digital penetration. Keil testified that she was raped twenty times and sexually assaulted at least ten other times. Doe testified that she was forced to perform oral sex 45 to 50 times. Yet, the jury awarded each of the plaintiffs the same amount for compensatory damages. The jury's award of $3.5 million for each plaintiff is unreasonable on the facts and grossly excessive. The Court should remit the jury's award of damages.

### III. Conclusion

For these reasons, Defendant respectfully requests the Court grant a new trial or remit the damages and for such further relief as the Court deems

just and proper.

<div style="margin-left: 50%;">
Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendant Bearden*
</div>

## Certificate of Service

I hereby certify that on May 26, 2022, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<div style="margin-left: 50%;">
*/s/ Nicolas Taulbee*
Assistant Attorney General
</div>